884 F.2d 578
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CENTRAL TRANSPORT, INC., Plaintiff-Appellant,
v.
R-W SERVICE SYSTEM, INC., Circle Express, Inc., Defendants-Appellees.
 No. 88-1698.
 United States Court of Appeals, Sixth Circuit.
 Sept. 1, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Seeking both injunctive relief and damages, Central Transport, Inc. (Central) brought this trademark infringement action against the defendants pursuant to the Lanham Act, 15 U.S.C. Sec. 1051 et seq. The district court granted the defendants' motion for summary judgment, and we affirm.
 
 I.
 
 2
 Central, a trucking company, alleged that the public was likely to confuse the registered stylized "C" it uses to identify its trucks with a stylized "C" the defendants, also trucking companies, use on their trucks. Central's "C" is actually two "C's", one black and one red, and one set inside the other. Defendants use a single green "C," the bottom of which is extended like an arrow to underscore the company names that invariably appear within the mark. At the close of discovery, the district court found no likelihood of confusion and granted summary judgment in defendants' favor. Central argues that the court erred both by granting summary judgment when material facts were in contention and by refusing to reopen discovery.
 
 II.
 
 3
 We review a district court's decision granting summary judgment de novo. Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987). Like the district court then, we turn first to Federal Rule of Civil Procedure 56. Rule 56(c) provides that summary judgment in a party's favor shall be granted
 
 
 4
 "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
 
 
 5
 Rule 56(e) requires non-moving parties confronted with properly supported motions for summary judgment to "set forth specific facts showing that there is a genuine issue for trial." Where a defendant makes a properly supported motion, the plaintiff must offer "significant probative evidence tending to support the complaint" to defeat it. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 290 (1968). Regardless of which party makes the motion, the trial court must grant it if it is appropriate. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex v. Catrett, 477 U.S. 317 (1986). The Supreme Court has directed trial courts not to disfavor a motion for summary judgment for it can be an appropriate avenue for the "just, speedy and inexpensive determination" of a conflict. Celotex, 477 U.S. at 327. Thus, Anderson notes:
 
 
 6
 If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.
 
 
 7
 477 U.S. at 252.
 
 III.
 
 8
 A plaintiff seeking injunctive relief under Section 43(a) of the Lanham Act must show a "likelihood of confusion" to prevail. A plaintiff need prove actual confusion only when damages are sought. Frisch's Restaurants, Inc. v. Elby's Big Boy, 670 F.2d 642, 647 (6th Cir.1982). Frisch's sets forth eight factors to consider when determining whether a likelihood of confusion exists. Those factors are: (1) the strength of plaintiff's mark; (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) defendant's intent in selecting the mark; and, (8) likelihood of product line expansion. 670 F.2d at 648. Appellant argues that the court entered summary judgment improperly here because in deciding the motion the court failed to make inferences in Central's favor as required by law, and failed to make all of the findings that Frisch's outlines as important to the "likelihood of confusion" determination. Although the district court reviewed the Frisch factors, it did not, as Central notes, make any specific finding regarding the strength of Central's trademark.
 
 
 9
 We do not believe Central's assertions of error warrant remand or reversal. The court erred in failing to make those findings, however, only if a genuine material factual dispute was raised by the evidence submitted in order to defeat the motion for summary judgment. In this case the evidence plaintiff offered raised no significant factual dispute for trial resolution sufficient to preclude summary disposition. As the court noted, the defendants' mark is not similar to the plaintiff's. Furthermore, defendants' unrebutted assertions indicated that purchasers in the relevant market for trucking services exercise a great deal of care, and that purchasers choose companies based on well-established trade names, not by symbols or trademarks. In this case the companies' names were not confusing. Finally, Central presented no evidence of wrongful intent, and, despite extensive investigation, was able to offer no evidence of actual confusion. In fact, the only "evidence" Central offered to defeat defendants' motion for summary judgment was an affidavit stating that the likelihood of confusion is "obvious." After viewing these marks, however, we agree with the district court's finding that such an assertion is unjustified. Because we agree with the district court's conclusion that based on the evidence presented there is no likelihood of confusing the services of these companies, the district court's failure to make any finding concerning the strength of Central's mark must be considered harmless. Two marks can be so distinctive that the strength of one in the marketplace becomes irrelevant.
 
 IV.
 
 10
 Finally, Central argues that the district court abused its discretion by refusing to reopen discovery after the defendants counterclaimed for infringement because the counterclaim was actually a concession that the two symbols were likely to confuse. We see no abuse of discretion here. "Likelihood of confusion" is a legal determination, and in awarding Rule 11 sanctions against the defendants, the district court agreed with Central's assertion below that defendants' counterclaim was frivolous. In arguing to us that defendants' counterclaim is a significant concession, Central makes an argument similar to that which it called frivolous at the trial level. Central argued to the district court that it was frivolous for the defendants both to defend based on a patent lack of confusion and to counterclaim based on infringement. The district court agreed and imposed Rule 11 sanctions. Now Central would have us treat defendants' assertion as not frivolous. Central cannot have it both ways.
 
 V.
 
 11
 For the reasons stated above, the judgment rendered below is AFFIRMED.